Thomas S. Rosenthal, Esq.
(TR-8021)
11 Broadway
Suite 2150
New York, New York  10004
(212) 582-6651

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK DEVINO,<br><br>                              Plaintiff,<br><br>        -against-<br><br>PENTHOUSE MEDIA GROUP INC.,<br><br>                              Defendant. | **ECF CASE**<br><br>07 CV 7510 (LAP)(MHD)<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Frank Devino ("plaintiff" or "Mr. Devino"), by and through his undersigned attorneys, as and for his Complaint, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE ACTION

1. This is an action in which plaintiff seeks recovery for injuries, and to remedy unlawful discrimination in employment, caused by defendant's violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), New York Executive Law Section 296, and § 8-107 of the Administrative Code of the City of New York.

2. Despite Mr. Devino's three decades of work for Penthouse Magazine, defendant, through its newly annointed CEO, President and Chairman and its newly hired agents and representatives who were less than 40 years of age during the relevant

decisionmaking period, engaged in an age-based course of conduct that culminated in plaintiff's discharge from employment. Plaintiff was almost 61 years of age at the time of his termination.

   3. The less than 40 year-old CEO indicated his preference for like-aged colleagues by making age-based comments to plaintiff, indicating his preference for a younger staff, and selecting a new Editor-In-Chief of Penthouse Magazine who also was less then 40 years of age.

   4. Within months, that new Editor-In-Chief had scuttled plaintiff's employment and replaced him with a less than 40 year-old "consultant," without so much as conferring at all with the then 60 year-old Mr. Devino about a new direction for Penthouse Magazine or a desire to reduce costs. Defendant revealed the young Editor-In-Chief's preference for the young consultant before the Editor-In-Chief even had worked with the plaintiff.

   5. Within months, defendant had trimmed Penthouse Magazine's Art Department of two of its four employees over the age of 40, including Mr. Devino, while retaining each and every one of the eight Department employees under the age of 40.

## II. THE PARTIES

   6. Plaintiff is a former employee of defendant Penthouse Media Group Inc. Plaintiff is sixty-one years of age (born on April 16, 1946), and resides at 9 Country Club Lane, Pelham Manor, New York 10803.

   7. Defendant Penthouse Media Group Inc. ("defendant" or "PMGI") is an "employer" within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. and is, upon information and belief, a New York corporation with offices located at 2

Penn Plaza, 11th Floor, New York, New York 10121. Defendant is an international, multimedia entertainment company that is globally recognized as one of the premier brands in adult entertainment and publishes one of the most widely circulated groups of men's lifestyles publications, including Penthouse Magazine. Mr. Devino was employed for more than thirty years by defendant or its predecessor, most recently as Vice President, Art and Graphics in defendant's magazine group and as Vice President of Art for Penthouse Magazine.

### III. JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this matter based upon a federal question (28 U.S.C. § 1331) presented under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Administrative proceedings required pursuant to 29 U.S.C. § 626 as a prerequisite to commencing this action under the ADEA were instituted with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about May 9, 2007 (charge number 520-2007-02694).

9. Supplemental jurisdiction over plaintiff's claims alleging violations of New York Executive Law Section 296 and Title 8 of the Administrative Code of the City of New York (the "Administrative Code") exists pursuant to 28 U.S.C. § 1367(a). On August 24, 2007, pursuant to § 8-502(c) of the Administrative Code, a copy of this Complaint was served upon the New York City Commission on Human Rights and the Corporation Counsel, Law Department of the City of New York.

10. Venue is proper under 28 U.S.C. § 1391. Acts and transactions herein complained of have taken place in this State, including many of the unlawful employment

practices about which plaintiff complains. The defendant may be found in this district and plaintiff was employed with all employment records maintained in this district.

## IV. STATEMENT OF FACTS

11. Prior to his discharge from employment in February 2007, plaintiff worked for Penthouse Magazine for more than thirty years, most recently as Vice President of Art.

12. Plaintiff was employed by PMGI from 2004 until his termination in February 2007. Prior to 2004, Mr. Devino was employed by defendant's corporate predecessor, General Media, Inc. In 2003, General Media, Inc. and its affiliated corporate entities filed a voluntary petition in federal bankruptcy court. In 2004, General Media, Inc. emerged from bankruptcy reorganization as PMGI with its new and young Chief Executive Officer, President and Chairman, Marc H. Bell.

13. While working for Penthouse Magazine, Complainant received more than 150 awards for excellence in art and creative direction. His job performance was exemplary for the duration of his employment.

14. Mr. Bell, defendant's Chief Executive Officer, President, and Chairman was, upon information and belief, less than 40 years of age at the time he assumed his positions at defendant in 2004 and continuing until defendant's discharge in February 2007. Mr. Bell expressed his view to Mr. Devino and others that he sought to run Penthouse Magazine with a more youthful staff. Mr. Bell conveyed to Mr. Devino his view that he wanted to know what a younger staff liked and that a younger staff would share the tastes of a younger demographic which PMGI was trying to reach. Mr. Devino responded by disagreeing with Mr. Bell's plan and perspective. He told Mr. Bell that the ages of employees of Penthouse Magazine's staff are not

relevant to a desire to reach a younger age demographic and defendant's ability to compete with other magazines and media.

15. During his employment by PMGI and its predecessor, Mr. Devino held various positions, including Creative Director for approximately twenty years, until the thirty-something Mr. Bell assumed his Chief Executive Officer, President and Chairman titles.  Most recently, until his termination from PMGI's employment, Mr. Devino supervised an Art Department comprised of twelve individuals, eight of whom were younger than 40 years of age.

16. At or around the time Mr. Bell took over Penthouse Magazine, he sought and obtained Mr. Devino's cooperation in changing Penthouse Magazine to compete more successfully against other magazines and emerging media outlets.  Mr. Devino successfully achieved this transformation.

17. Defendant hired a new Editor-In-Chief, Mark Healy, in October 2006, to oversee plaintiff's Art Department and to replace the Editor who, like plaintiff, was more than 60 years of age at the time of the decision.  Mr. Healy is less than 40 years of age and, even before starting at defendant or working with Mr. Devino, he was contemplating changes at Penthouse Magazine which included not only moving the magazine in a new direction but working with a creative design consultant who was much closer in age to himself than to Mr. Devino.

18. That consultant, Ash Gibson, is even younger than Mr. Healy and more than twenty-five years younger than plaintiff.  Shortly after commencing employment, Mr. Healy met with the familiar and similarly aged Mr. Gibson to discuss a new direction for Penthouse Magazine.

19. Mr. Healy had never extended the same courtesy to the older Mr. Devino and never discussed with him his vision of the magazine or a redesign of the magazine. Defendant never consulted Mr. Devino or otherwise informed him that it intended to make these changes or that Mr. Devino was not qualified to again accomplish the changes that defendant purportedly wanted to implement. PMGI ignored the experienced Mr. Devino's qualifications, experience, and willingness to adapt to a new direction for Penthouse Magazine. Instead, PMGI left Mr. Devino completely out of the loop as to its intentions going forward and provided Mr. Devino with absolutely no opportunity for continued employment, or as a consultant, or even at reduced compensation to accomplish a cost savings, despite his undisputed qualifications. Plaintiff's only failing was his age.

20. Defendant implemented what it variously called a restructuring or reorganization of Penthouse Magazine's Art Department, the upshot of which was the February 2007 discharge of two of its four employees over the age of 40, including the decision to discharge Mr. Devino, while retaining the full complement of eight employees under the age of 40. Defendant accomplished its restructuring or reorganization that significantly reduced the ages of its employees and representatives through the decisions of Mr. Healy, its new and young Editor-In-Chief, and by "outsourcing" work and decisionmaking to a significantly younger contractor.

21. Mr. Devino's job duties and responsibilities were reassigned when PMGI replaced Mr. Devino with Mr. Gibson, the consultant familiar and comfortable to Mr. Healy given that both were less than 40 years of age.

22. Defendant's purge of half of its employee complement over the age of 40 in its Art Department was merely the latest episode of defendant's attempts to replace Penthouse Magazine's older workforce with a much younger group of employees. Thus, in the last few years, and to the exclusion of employees less than 40 years of age, defendant has fired its Senior Vice President in charge of Production and Manufacturing, who is more than 60 years of age, its Cartoon Editor, who is more than 60 years of age, and its Director of Human Resources, who is more than 40 years of age. In addition, Respondent surreptitiously advertised openings for Penthouse Magazine's Editor position (then held by an individual over the age of 60) and its Circulation Director position (then held by an individual approximately 50 years of age), reluctantly agreeing to compromises with the affected employees only when they protested the planned firings. The Editor's position ultimately was filled by Mr. Healy.

23. Mr. Devino has suffered mental and emotional anguish and distress, pain and suffering, and humiliation as the result of defendant's age-based discriminatory treatment of him, including defendant's termination of his employment.

### COUNT I

### Discrimination in Violation of ADEA

24. Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. PMGI was at all relevant times herein plaintiff's employer, as that term is defined under ADEA, 29 U.S.C. § 630.

26. Defendant, through its agents and representatives, classified and/or stereotyped plaintiff because of his age in a manner to affect adversely plaintiff's status as an employee, and otherwise to deny plaintiff equal opportunities for employment, in violation of the ADEA.

27. PMGI's termination of Mr. Devino's employment discriminated against Mr. Devino by denying him equal terms and conditions of employment, because of his age, in violation of the ADEA.

28. PMGI's age-based decisionmaking process, age-based comments, and age-based perspective that favored employees or individuals under the age of 40, discriminated against Mr. Devino by denying him equal terms and conditions of employment, and limited or classified Mr. Devino, because of his age, in violation of ADEA.

29. Defendant's conduct was willful.

## COUNT II

### Discrimination in Violation of New York Executive Law §296

30. Plaintiff repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff was at all relevant times herein defendant's employee as that term is defined under New York Executive Law § 292(1).

32. Defendant was at all relevant times herein plaintiff's employer as that term is defined in New York Executive Law § 292(5).

33. Defendant, through its agents and representatives, classified and/or stereotyped plaintiff because of his age in a manner to affect adversely plaintiff's status as an

employee, and otherwise to deny plaintiff equal opportunities for employment, in violation of New York Executive Law § 296.

34. PMGI's termination of Mr. Devino's employment discriminated against Mr. Devino by denying him equal terms and conditions of employment, because of his age, in violation of New York Executive Law Section 296.

35. PMGI's age-based decisionmaking process, age-based comments, and age-based perspective that favored employees or individuals under the age of 40, discriminated against Mr. Devino by denying him equal terms and conditions of employment, and limited or classified Mr. Devino, because of his age, in violation of New York Executive Law Section 296.

## COUNT III

### Discrimination in Violation of Title 8 of the Administrative Code of the City of New York

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff was at all relevant times herein defendant's employee as that term is defined under Title 8 of the Administrative Code of the City of New York.

38. Defendant was at all times herein plaintiff's employer, as that term is defined under § 8-102(5) of the Administrative Code.

39. Defendant, through its agents and representatives, classified and/or stereotyped plaintiff because of his age in a manner to affect adversely plaintiff's status as an employee, and otherwise to deny plaintiff equal opportunities for employment, in violation of § 8-107 of the Administrative Code of the City of New York.

40. PMGI's termination of Mr. Devino's employment discriminated against Mr. Devino by denying him equal terms and conditions of employment, because of his age, in violation of § 8-107 of the Administrative Code of the City of New York.

41. PMGI's age-based decisionmaking process, age-based comments, and age-based perspective that favored employees or individuals under the age of 40, discriminated against Mr. Devino by denying him equal terms and conditions of employment, and limited or classified Mr. Devino, because of his age, in violation of § 8-107 of the Administrative Code of the City of New York.

42. Defendant's acts and omissions were committed with malice toward plaintiff or with a reckless indifference to plaintiff's rights under Title 8 of the Administrative Code of the City of New York.

WHEREFORE, Plaintiff prays for relief as follows:

(a) that the Court enter judgment for plaintiff against defendant in an amount to be proved at trial for:

(1) back pay, including wages and any and all other benefits that would have been received by plaintiff from defendant but for his discharge and other unequal treatment because of his age, together with all of the other rights, privileges, and benefits appurtenant thereto; and

(2) front pay, including wages and any and all other benefits that would be received by plaintiff from defendant but for his discharge

and other unequal treatment because of his age, until the date of

plaintiff's normal retirement age, together with all of the other

rights, privileges, and benefits appurtenant thereto;

(b) that the Court award plaintiff his costs in this action, including disbursements, attorneys' fees, and interest;

(c) that the Court order liquidated damages for defendant's willful violation of ADEA; and

(d) that the Court order such general, special, compensatory, and punitive damages, including damages for plaintiff's pain and suffering, humiliation, and mental anguish, as authorized under the laws, statutes and regulations upon which this action is premised, together with such other relief as to this Court may seem just and proper.

Dated:      New York, New York
            August 24, 2007

                                    LAW OFFICES – THOMAS S. ROSENTHAL

                                    By:/s/ thomas s. rosenthal
                                       Thomas S. Rosenthal
                                       (TR-8021)
                                       11 Broadway
                                       Suite 2150
                                       New York, New York  10004
                                       (212) 582-6651
                                       Attorneys for plaintiff