UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jackson Lewis LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Jonathan M. Kozak (JK 9619)
Steven D. Baderian (SB 3868)
*Attorney for Defendant*

------------------------------------------------------------X

FRANK DEVINO,

                Plaintiff,

      -against-                        07 CV 7510 (LAP)(MHD)

PENTHOUSE MEDIA GROUP INC.,

                Defendant.

------------------------------------------------------------X

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Penthouse Media Group Inc. (hereinafter "Defendant"), by and through its attorneys, Jackson Lewis LLP, for its Answer to Plaintiff's Complaint herein states as follows:

### AS TO "I.   NATURE OF THE ACTION"

1. Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action to recover damages for alleged unlawful discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), New York Executive Law Section 296, and § 8-107 of the Administrative Code of the City of New York.

2. Defendant denies each and every allegation set forth in Paragraph 2 of the Complaint, except admits upon information and belief that Plaintiff is older than 40 years of age.

3. Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint.

4. Defendant denies each and every allegation set forth in Paragraph 4 of the Complaint.

5. Defendant denies each and every allegation set forth in Paragraph 5 of the Complaint.

## AS TO "II.   THE PARTIES"

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, except admits that it employed Plaintiff until on or about February 8, 2007 and, upon information and belief, that Plaintiff is older than 40 years of age.

7. Defendant denies each and every allegation set forth in Paragraph 7 of the Complaint, except admits that Defendant is authorized to do business in the State of New York, it has offices located at 2 Penn Plaza, 11th Floor, New York, New York, that it is an international multimedia entertainment company, and that it publishes Penthouse Magazine. Defendant further admits that Plaintiff's position at the time his employment was ended was Vice President, Art and Graphics in Defendant's magazine group.

## AS TO "III.   JURISDICTION AND VENUE"

8. Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint, except admits that Plaintiff purports this Court has subject matter jurisdiction over this matter based upon 28 U.S.C. § 1331, and that Plaintiff purports administrative proceedings pursuant to 29 U.S.C. § 626 were instituted with the U.S. Equal Opportunity Commission ("EEOC") on or about May 9, 2007.

9.      Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint, except admits that Plaintiff purports this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims alleging violations of New York Executive Law Section 296 and Title 8 of the Administrative Code of the City of New York. Defendant denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that he served a copy of the Complaint on the New York City Commission on Human Rights and the Corporation Counsel as set forth in Paragraph 9 of the Complaint.

10.     Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint, except admits that Plaintiff purports venue is proper in this District Court pursuant to 28 U.S.C. § 1391, and that Defendant does business in New York, it employed Plaintiff in New York and its records relating to Plaintiff's employment are located in New York.

### AS TO "IV.   STATEMENT OF FACTS"

11.     Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint, except admits that Plaintiff's employment in the position Vice President, Art and Graphics for Defendant's magazine group was ended in February 2007. Defendant admits upon information and belief that Plaintiff was employed by Defendant's predecessor at certain times prior to becoming employed by Defendant in about October 2004.

12.     Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint, except admits upon information and belief the following: (a) prior to becoming employed by Defendant in about October 2004, Plaintiff was employed by General Media, Inc. ("GMI"); (b) in about August 2003, GMI and its affiliated entities filed a voluntary petition in federal bankruptcy court; and (c) in about October 2004, GMI emerged from bankruptcy reorganized under the name Penthouse Media Group Inc., with a new corporate Chief Executive Officer, President and Chairman.

13. Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding Plaintiff's employment with Defendant's predecessor.

14. Defendant denies each and every allegation set forth in Paragraph 14 of the Complaint, except admits Marc H. Bell is presently 40 years old.

15. Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint, except admits at the time Plaintiff's employment was ended he was the highest level employee in Defendant's Art Department.

16. Defendant denies each and every allegation set forth in Paragraph 16 of the Complaint.

17. Defendant denies each and every allegation set forth in Paragraph 17 of the Complaint.

18. Defendant denies each and every allegation set forth in Paragraph 18 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Ash Gibson's age.

19. Defendant denies each and every allegation set forth in Paragraph 19 of the Complaint.

20. Defendant denies each and every allegation set forth in Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint.

22. Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation set forth in Paragraph 23 of the Complaint.

## AS TO "COUNT I
## Discrimination in Violation of ADEA"

24. Defendant repeats and realleges each and every response asserted above in response to Paragraphs 1 through 23 of the Complaint, as though set forth at length herein in response to Paragraph 24 of the Complaint.

25. Defendant admits it employed Plaintiff at certain times until February 2007. The remaining allegations contained in Paragraph 25 of the Complaint assert conclusions of law to which no response is required; provided, however, to the extent the allegations within Paragraph 25 of the Complaint set forth additional factual matters, they are denied.

26. Defendant denies each and every allegation set forth in Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint.

28. Defendant denies each and every allegation set forth in Paragraph 28 of the Complaint.

29. Defendant denies each and every allegation set forth in Paragraph 29 of the Complaint.

## AS TO "COUNT II
## Discrimination in Violation of New York Executive Law § 296"

30. Defendant repeats and realleges each and every response asserted above in response to Paragraphs 1 through 29 of the Complaint, as though set forth at length herein in response to Paragraph 30 of the Complaint.

31. Defendant admits it employed Plaintiff at certain times until February 2007. The remaining allegations contained in Paragraph 31 of the Complaint assert conclusions of law to which no response is required; provided, however, to the extent the allegations within Paragraph 31 of the Complaint set forth additional factual matters, they are denied.

32. Defendant admits it employed Plaintiff at certain times until February 2007. The remaining allegations contained in Paragraph 32 of the Complaint assert conclusions of law to which no response is required; provided, however, to the extent the allegations within Paragraph 32 of the Complaint set forth additional factual matters, they are denied.

33. Defendant denies each and every allegation set forth in Paragraph 33 of the Complaint.

34. Defendant denies each and every allegation set forth in Paragraph 34 of the Complaint.

35. Defendant denies each and every allegation set forth in Paragraph 35 of the Complaint.

### AS TO "COUNT III
### Discrimination in Violation of Title 8
### of the Administrative Code of the City of New York"

36. Defendant repeats and realleges each and every response asserted above in response to Paragraphs 1 through 35 of the Complaint, as though set forth at length herein in response to Paragraph 36 of the Complaint.

37. Defendant admits it employed Plaintiff at certain times until February 2007. The remaining allegations contained in Paragraph 37 of the Complaint assert conclusions of law to which no response is required; provided, however, to the extent the allegations within Paragraph 37 of the Complaint set forth additional factual matters, they are denied.

38. Defendant admits it employed Plaintiff at certain times until February 2007. The remaining allegations contained in Paragraph 38 of the Complaint assert conclusions of law to which no response is required; provided, however, to the extent the allegations within Paragraph 38 of the Complaint set forth additional factual matters, they are denied.

39. Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint.

40. Defendant denies each and every allegation set forth in Paragraph 40 of the Complaint.

41. Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint.

## AS TO "WHEREFORE" PARAGRAPH

(a) Defendant denies that Plaintiff is entitled to judgment against Defendant, or to the relief requested in subparagraphs (1) and (2), as set forth in item "a" of the Wherefore paragraph in the Complaint.

(b) Defendant denies that Plaintiff is entitled to the relief requested in item "b" of the Wherefore paragraph in the Complaint.

(c) Defendant denies that Plaintiff is entitled to the relief requested in item "c" of the Wherefore paragraph in the Complaint.

(d) Defendant denies that Plaintiff is entitled to the relief requested in item "d" of the Wherefore paragraph in the Complaint.

**AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE**

43.     The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**

44.     The Complaint fails to state a claim, in whole or in part, upon which liquidated, compensatory and/or punitive damages may be awarded.

**AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE**

45.     Defendant's actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory business reasons.

**AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

46.     Plaintiff has failed to make diligent and good faith efforts to mitigate his damages, if any, and as such, is not eligible to receive lost wages and/or other relief.

**AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

47.     Even if any decision which affected Plaintiff's employment was motivated in part by Plaintiff's age, which it was not, Defendant would have reached the same decision regardless of Plaintiff's age.

**AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE**

48.     At all times relevant hereto, Defendant has acted in good faith based on reasonable factors other than Plaintiff's age, and has not violated any rights which may be secured to Plaintiff under any federal, State, city or local laws, rules, regulations, codes or guidelines.

**AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE**

49. Plaintiff's claims against Defendant are barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE**

50. Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies and to satisfy certain conditions precedent and/or jurisdictional prerequisites to instituting suit against Defendant.

**AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE**

51. Plaintiff's claims, in whole or in part, are barred by the Doctrine of After-Acquired Evidence.

**AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE**

52. Defendant reserves the right to amend or add additional affirmative defenses or counter-claims, which may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint in its entirety and all claims for relief set forth therein, with prejudice;

2. Deny each and every demand for relief as set forth in Plaintiff's Complaint;

3. Award Defendant the reasonable attorneys' fees and costs it incurs in defending this action, and

4. Grant such other and further relief as this Court may find to be just and proper.

Respectfully submitted,

JACKSON LEWIS LLP

_____
Jonathan M. Kozak (JK 9619)
Steven D. Baderian (SB 3868)
One North Broadway, Suite 1502
White Plains, New York 10601

ATTORNEYS FOR DEFENDANT

Dated:   November 1, 2007
         White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jackson Lewis LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Jonathan M. Kozak (JK 9619)
Steven D. Baderian (SB 3868)
*Attorney for Defendant*

---------------------------------------------------------------x

FRANK DEVINO,

                Plaintiff,

    -against-                      07 CV 7510 (LAP)(MHD)

PENTHOUSE MEDIA GROUP INC.,

                Defendant.

---------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Answer to Plaintiff's Complaint was served via regular U.S. mail, postage pre-paid on November 1, 2007 upon:

Thomas S. Rosenthal, Esq.
LAW OFFICES OF THOMAS S. ROSENTHAL
11 Broadway, Suite 2150
New York, New York 10004
*Attorneys for Plaintiff*

_____
Jonathan M. Kozak